**FREDRICKS, et al v. HOFMANN, et ux.**

No. 75-3291.

Circuit Court, Sarasota County.

December 23, 1976.

John T. Allen, Jr., St. Petersburg, for the plaintiffs.

Miller, Gallan, Kaklis & Venable, Bradenton, for the defendants.

HARRY C. PARHAM, Circuit Judge.

*Final declaratory judgment:* This cause came on to be heard by the court upon the issues framed by plaintiffs' complaint that — the rent increases assessed by the defendants against the plaintiffs are unconscionable under F.S. 83.44 and 83.45 and defendants should be enjoined from increasing plaintiffs' rent; that the defendants obtained a discount or contribution toward payment for the expenses of a lift station from the park's previous owner at the time of defendants' purchase of the park and defendants illegally assessed plaintiffs for the entire cost of the sewer project by way of an alleged rent increase; that the defendants have illegally indulged in assessment of illegal commissions, entrance and exit fees contrary to F.S. 83.70 and should be enjoined from such further action; and that certain rules and regulations which were promulgated by defendants and which apply to the manner in

which plaintiffs live in defendants' mobile home park were unreasonable and should be declared unenforceable and of no effect.

After a lengthy trial in this cause and the court having considered the testimony and memorandums of law produced by both parties, the court rendered an opinion which has been transcribed and filed of record in this cause. Accordingly, a declaratory judgment be and the same is hereby entered for plaintiffs and against the defendants on all issues raised by plaintiffs' complaint as set forth hereafter in this judgment.

It is therefore ordered and adjudged as follows —

1. Defendants' rent increases charged plaintiffs to become effective January 1, 1976, are unconscionable as they were not founded upon any legitimate financial basis and are arbitrary, capricious, confiscatory and demonstratively unconscionable. The defendants are permanently enjoined and restrained from assessment of such rents for and during the year 1976.

2. Defendants having obtained a credit for anticipated sewerage expenses and having attempted to illegally pass such costs immediately on to plaintiffs in the form of rent increases in January 1976, they are permanently enjoined and restrained from immediately passing on to plaintiffs in the future by way of rent increases or assessments any costs of Harbor Lights Mobilesites' sewerage improvements required by the city of Venice except by way of increase in rents based upon the financing of such sewer facilities amortized over a minimum of a ten year period. The court retains jurisdiction of the parties and of the subject matter in order to supervise defendants' financing of said sewer project and the assessment of plaintiffs for said project consistent with the spirit and intent of this court's findings and judgment in this cause.

3. The court having found that the defendants have on one occasion assessed commissions and/or entrance fees, the defendants are permanently enjoined and restrained from assessment of such commissions or entrance fees.

4. The court declares the following rules to be unreasonable and illegal and of no future effect as rules and regulations of Harbor Lights Mobilesites — paragraph 3, section A of the rules which provides that no mobile home less than twelve feet wide may remain in the park when sold by its owners; paragarph 8, section A of the rules which provides for a penalty of ten percent of monthly rent in event payment of monthly rent is late more than five days; paragraph 1, section C, which provides that a tenant before being permitted to rent in the mobile home park must construct a car-

port, utility room, post light, planter, raised patio, awnings, paved driveway and sodding at the expense of the tenant; paragraph 3, section C, which provides that each mobile home be skirted with decor brick, and that handrails, planters and other appurtenances be installed; paragraph 1, section D, which provides any occupancy of a mobile home by friends or relatives without the presence of the mobile home owner will be treated as a "sublet" and a surcharge will be made, any subletting for a thirty-day period or less requiring a party to pay an additional month's rent; paragraph 1, section D, which provides any mobile home "sublet" without prior written approval of the management requires the removal of the mobile home within thirty days; paragraph 2, section D, which provides that before a mobile home may be sold it must be listed with defendants' office and that permission for such sale must be approved in writing by the defendants; paragraph 3, section D, which provides that no mobile home tenant may display a For Sale sign in his mobile home or at his mobile home site; paragraph 4, section D, which provides for the posting of a removal damage deposit in an undetermined amount before mobile homes can be removed from the park; paragraph 2, section E, which provides that all children under eighteen years of age visiting the park be accompanied by an adult when leaving the mobile home lot which they are visiting; an unnumbered rule of the park requiring a resident to vacate the park within 24 hours if there has been a violation of any park rule; an unnumbered rule which provides that the management reserves the right to require any resident of Harbor Lights Mobilesites to leave the park within 24 hours and to vacate his space within 30 days if the management determines that the tenant's acts or conduct are detrimental to or incompatible with the interest, harmony, comfort and welfare of the residents or the management of Harbor Lights Mobilesites as a whole, without any further liability of management; an unnumbered rule which provides that any violation or disregard of the rules is an automatic notice of termination of tenancy; an unnumbered rule which provides that if boats belonging to other tenants are kept at the dock of another tenant without management approval then the lot resident will be charged the prevailing rate for each boat, and that docks installed become the property of the management and may not be removed without the written consent of the management.

It is ordered that plaintiffs and defendants shall consult after entry of this judgment and attempt to agree upon reasonable rules and regulations for their mobile home park. In the event the parties agree, such rules shall be submitted to the court for its review and approval. In the event the parties shall not be able to agree upon

reasonable rules and regulations, the court shall then enter an order establishing the rules and regulations to be followed by the parties. The court retains jurisdiction of the parties and of the subject matter for the purpose of establishing proper rules and regulations under this section of its judgment.

5. It is ordered that the supersedeas cost bond posted by the plaintiffs as out-of-state residents in this cause and the cash bond filed as an injunction bond by the plaintiffs in this cause are discharged, and the clerk of the court is ordered to discharge said plaintiffs from liability in regard to said bonds and to repay to plaintiffs any and all funds held by the clerk in regard to said bonds.

6. It is ordered that plaintiffs recover their costs and reasonable attorney's fees in this cause to be determined at a later hearing to be set before the court.