## OLSON v. WELLS

Case No. 84-1152-LT

County Court, Alachua County

January 21, 1985

### APPEARANCES OF COUNSEL

**Peter K. Sieg, Sieg, Comfort, Hawk & Castello,** for plaintiff.
Defendant, pro se.

### OPINION OF THE COURT

NATH C. DOUGHTIE, County Judge.

This action is before the Court on the plaintiff's Motion for Rehearing and to Alter or Amend Judgment. The Court previously denied the Defendant's Motion for Clarification of Judgment, as the Defendant's Motion presented no allegations of an ongoing problem. Since the Plaintiff has alleged such problems, the Court will make the findings of fact upon which the Final Judgment was based.

The Defendant's initial lease in the mobile home park began prior to September 15, 1982. At the time, rules and regulations were adopted requiring all homes currently on the park to be skirted prior to July 1,

1984. The defendant was properly placed on notice that he was in violation of this rule, and there were no technical defects in the eviction proceedings. At the Final Hearing, testimony was produced that showed a number of mobile home parks require skirting and a number do not. It was alleged by the Plaintiff that skirting is more than an aesthetic requirement; however, there was no evidence of any type of code or safety regulation which would require skirting. The cost of skirting was estimated in the neighborhood of $200.00. In ruling on the case, the Court considered the case of *Fredericks v Hoffman*, 45 Fla. Supp. 44 (Sarasota County 1976), as well as Section 853.764(3)(a), Florida Statutes (1984), and Section 720.304(4), Florida Statutes, as enacted in 1984. While the Court does not find the requirement as to the rules and regulations in the *Fredericks* case, the Court does find the requirement for skirting to be in the nature of a fee or assessment which was not disclosed to the tenant prior to entering into the lease agreement. Under the Court's interpretation of the law, the park owner could require new tenants to have skirting or require old tenants to properly maintain skirting if it existed.

The park owner could also provide skirting and require it to be used, but to require the tenant to purchase the skirting amounts to an undisclosed charge or assessment. The 1981 law which was in effect at the time the lease was entered into provided as follows: "A mobile home park owner or operator shall be required to disclose fully in writing all fees, charges, assessments and rules and regulations prior to a mobile home dweller's assuming occupancy in the park. No fee, charges or assessments *so disclosed* may be increased, or rules and regulations changed, by the park owner or operator without specifying the date of implementation of said fees, charges, assessments or rules and regulations, which date shall be no less than thirty days after written notice to all mobile home owners." A disclosed fee, such as garbage pickup, could be raised upon proper notice to the homeowners. If, however, a fee was totally undisclosed, it could not be added at a later point.

This Court finds that the requirement for skirting is in the nature of a fee or assessment, since it requires the mobile home owner to expend a substantial sum of money. Although the 1984 law was not in effect until June 4, 1984, it has been considered in interpreting the legislative intent of the 1981 law. The 1984 law very specifically states that a refusal by the mobile home owner to pay any undisclosed charges shall not be used by the park owner as a cause for eviction in any Court of law.

Accordingly, Plaintiff's Motion for Rehearing is denied, and Plain-

18

tiff's Complaint to Remove Tenant is denied. Defendant's Motion for Payment of Legal Costs, based on research and analysis conducted by the Defendant at the modest rate of $35.00 per hour, is denied.